IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DIRECTV, INC.,

                     Plaintiff,

                                           Civ. Action No.
                                           5:03-CV-1105 (NAM/DEP)

      vs.

STEPHEN BOYD, JEFFERY NURMI, JERRY
FRANCIS, SCOTT HARDEN, GREGORY
KURZAJCZYK, MICHAEL MCCARTY,
RAYMOND STIFFLER, GERALD CORRIGAN,
AND ANTHONY PAVONE,

                      Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

GARVEY, SCHUBERT LAW FIRM     DANIEL JACOBSON, ESQ.
599 Broadway
8th Floor
New York, NY 10012-3235

FOR DEFENDANT RAYMOND STIFFLER:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

_____Plaintiff DirecTV, Inc., proclaimed to be the nation's leading provider of television and other programming by way of satellite transmission, commenced this action against nine unrelated individuals having in common the fact that each has allegedly violated plaintiff's protected rights by possessing and utilizing decoding devices to capture plaintiff's transmissions, without its authorization.[1]  In its complaint, DirecTV seeks various relief available under the legal provisions giving rise to its claims including, *inter alia*, a permanent injunction, an award of statutory damages, and recovery of litigation costs and attorneys' fees.

Currently pending before the court is an application by DirecTV for the entry of default judgment against defendant Raymond Stiffler, based upon his failure to appear in the action, requesting that DirecTV be awarded statutory damages in the amount of $10,000, together with costs

---

[1]      The actions of DirecTV in commencing similar suits throughout the country joining multiple, unrelated defendants, has spawned a division among various courts regarding the propriety of such joinder.  Contrast *DirecTV, Inc. v. Vanryckeghem*, No. Civ.A. 04-253, 2004 WL 1794521, at *1-*3 (E.D. La. Aug. 10, 2004) (upholding joinder as permissible); *DirecTV v. Bartlett*, 220 F.R.D. 630, 631-32 (D. Kan. 2004) (same) with *In re DirecTV*, No. C-02-5912, 2004 WL 2645971, at *3-*5 (N.D. Cal. July 26, 2004) (finding such joinder to have been improper and collecting cases); *DirecTV v. Adrian*, No. 03 C6366, 2004 WL 1146122, at *2-*4 (N.D. Ill. May 18, 2004) (finding joinder improper).  Because plaintiff's claims against the other eight defendants named in this action have been resolved, the court is not called upon to enter this thicket and determine the propriety of joinder in this instance.

2

and fees totaling an additional sum of $1,225.32.  For the reasons set

forth below, I recommend that plaintiff be awarded statutory damages of

$4,200, and costs and attorneys' fees in the additional amount of $850.

I.    BACKGROUND[2]

Plaintiff DirecTV operates as a broadcast satellite company,

delivering television programming which includes broadcasts of major

cable network programming, studio movies, special events, and various

sports and special interests programming to end users, including in

homes and businesses.  To develop its direct broadcast satellite system

and establish its position in the industry, DirecTV estimates that it has

invested in excess of $1.25 billion.

To protect the integrity of its transmissions against unauthorized

interception, DirecTV encrypts, or electronically scrambles, its signal.

Residential and business DirecTV users subscribe to plaintiff's

programming on a pay-per-view basis.  DirecTV customers receive access

---

[2]    Unless otherwise noted the following recitation, which incorporates my findings of fact, is derived directly from the allegations of plaintiff's complaint.  By virtue of his default, defendant Stiffler is deemed to have admitted the well-pleaded factual allegations contained in plaintiff's complaint, except as to those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *see also DirecTV, Inc. v. Sheffield*, No. Civ.03-5738, 2005 WL 563108, at *2 (D. Minn. mar. 8, 2005) (citing 10A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2688 (3d ed. 2004) and Fed. R. Civ. P. 8(d)).

cards and other system hardware which together permit them to receive and view in decrypted format the programming which the user is authorized to receive, based upon the level of service purchased.

In May of 2001, assisted by law enforcement officials, DirecTV obtained business records from White Viper Technologies, a major source of pirate technologies, documenting sales by that company of illegal electronic devices, known as "pirate access devices" ("PADs"), designed to allow the unauthorized interception of plaintiff's encrypted signals. Those records disclosed that on or about November 19, 2002, defendant Raymond Stiffler purchased a printed circuit board device known as an "unlooper" from White Viper Technologies, which shipped the PAD to his address in Plattsburgh, New York.  Though no specifics are provided, plaintiff's complaint alleges that through use of the unlooper, defendant Stiffler has intercepted DirecTV's protected signal without its authorization.

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action on September 11, 2003.  Dkt. No. 1. Named as defendants in DirecTV's complaint were nine individuals, eight of whom have, for various reasons, been dismissed from the suit, leaving

only Raymond Stiffler as the remaining defendant.

According to a return of service filed with the court, *see* Dkt. No. 26, defendant Stiffler was personally served with the summons and complaint in the action on February 3, 2004.[3]  Based upon defendant Stiffler's failure to answer or otherwise properly appear in the action within the required time period, on August 9, 2004 plaintiff requested the entry of defendant Stiffler's default.  Dkt. No. 37.  Stiffler's default was subsequently entered by the clerk on August 13, 2004, Dkt. No. 39, and DirecTV was thereafter instructed, by letter dated August 19, 2004, to move for default judgment within thirty days.  Dkt. No. 42.

On September 15, 2004 plaintiff applied to the court for the entry of default judgment against defendant Stiffler.  Dkt. No. 52.  In its application, DirecTV seeks statutory damages in the amount of $10,000, as well as costs and attorneys' fees incurred in connection with the action.[4]  Dkt. No. 52.  The entry of default judgment in accordance with that request was authorized by District Judge Norman A. Mordue, who has referred the

---

[3]     At its request, plaintiff's time to effectuate service in accordance with the applicable provisions of the Federal Rules of Civil Procedure and local rules of this court was extended until February 23, 2004.  *See* Dkt. No. 13.

[4]     Although plaintiff's complaint seeks such relief, which is available under the relevant statutory provisions, no request is made in DirecTV's motion for the issuance of a permanent injunction.

5

matter to me for a recommendation as to the measure of relief to be awarded to the plaintiff, based upon Stiffler's default.  Dkt. No. 92; *see* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

The three causes of action asserted in plaintiff's complaint implicate two discrete statutory provisions, with certain overlapping features. Plaintiff's first claim alleges defendant's unauthorized reception of DirecTV's satellite signals in violation of 47 U.S.C. § 605, a provision of the Federal Communications Act of 1934 as amended, *inter alia*, by the Cable Communications Policy Act of 1984.[5]  Plaintiff's second and third causes of action seek redress for violation of the Electronic Communications Privacy Act of 1986, including for unauthorized interception of electronic communications and unauthorized possession of a PAD, in violation of 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), respectively, and the companion civil damage provisions of 18 U.S.C. §

_____

[5]      The Cable Communications Policy Act of 1984, Pub. L. 98-549, 98 Stat. 2779 (1984), was adopted in order to address "'a problem which [wa]s increasingly plaguing the cable industry -- the theft of cable service,' including 'gaining access to premium movie and sports channels without paying for the receipt of those services[.]'" *See International Cable Vision, Inc. v. Sykes*, 997 F.2d 998, 1003 (2d Cir. 1993) (citing H.R. Rep. No. 934, 98th Cong., 2d Sess. 83 (1984), reprinted in 1994 U.S. Code Cong. & Admin. News 4655, 4720).

2520(c).  Plaintiff's default judgment motion seeks recovery under both of these provisions.  While there is substantial overlap in the coverage of these two distinct provisions, each act provides its own remedial scheme which authorizes imposition of both criminal and civil sanctions. Accordingly, I will address the two provisions separately.

     A.    <u>47 U.S.C. § 605(a)</u>

         1.   <u>Liability</u>

Count one of plaintiff's complaint alleges violation of 47 U.S.C. § 605(a), which outlaws various practices including, *inter alia*, the unauthorized receipt of an interstate or foreign communication by radio. *Sheffield*, 2005 WL 563108, at \*2.  This provision clearly embraces the conduct alleged in plaintiff's complaint which, by his default, defendant Stiffler has admitted.  Defendant's liability under 47 U.S.C. § 605(a) is therefore established.  *Sheffield*, 2005 WL 563108, at \*2; *DirecTV, Inc. v. Huynh*, 318 F. Supp.2d 1122, 1128 (M.D. Ala. 2004).

         2.   <u>Damages</u>

In the event of a violation of section 605(a) the imposition of both civil and criminal penalties is authorized.  *See* 47 U.S.C. § 605(e).  Civilly, an aggrieved party establishing a violation of section 605(a) may recover

either the actual damages suffered as a result of the violation together with the profits reaped by the violator and attributable to the violation, to the extent not taken into account in computing actual damages, or, alternatively, statutory damages for each violation "[i]n a sum of not less than $1,000 or more than $10,000, as the court considers just[.]"[6]  47 U.S.C. § 605(e)(3)(C)(i)(II).  Under this remedial scheme, a party bringing suit under section 605 may elect whether to seek recovery of actual damages, or instead to call upon the court's discretion to award statutory damages.  47 U.S.C. § 605(e)(3)(C)(i); *DirecTV, Inc. v. Montes*, 338 F. Supp.2d 352, 355 (D. Conn. 2004).  In this case, DirecTV has opted for recovery of statutory damages, offering no evidence of the amount of pecuniary harm actually suffered by it as a result of defendant Stiffler's actions.

In light of plaintiff's election to pursue recovery of statutory damages in lieu of offering proof of its actual losses, the court is called upon to exercise its discretion to award statutory damages within the ranges

---

[6]      That section goes on to provide for enhancement of statutory damages, in the event of a showing of willful infringement, to an amount not exceeding $100,000 per violation, and a reduction, in the case of an innocent violation, to not less than $250.  47 U.S.C. § 605(e)(C)(ii)&(iii).  In its complaint DirecTV does not assert a willful violation, nor does there appear to be a basis to conclude that defendant's actions were innocent, within the meaning of 47 U.S.C. § 605(e)(3)(C)(iii).

disclosed above.  Because plaintiff has presented an adequate basis for determining an appropriate amount of statutory damages to award, based upon the papers submitted, and plaintiff DirecTV has not requested an evidentiary hearing, I find it unnecessary in this instance to conduct such a hearing.  *Montes*, 338 F. Supp.2d at 354; *DirecTV v. Meinecke,* No. 03 Civ.3731, 2004 WL 1535578, at *1 (S.D.N.Y. July 9, 2004); *DirecTV, Inc. v. Getchel*, No. 3:03 CV 2073, 2004 WL 1202717, at *1 (D. Conn. May 26, 2004); *Huynh*, 318 F. Supp.2d at 1129.

The determination of whether to award statutory damages, and if so in what amount, is entrusted to the sound discretion of the court.  *Montes,* 338 F. Supp. at 355.  In determining how properly to exercise that discretion under section 605(e), some courts have drawn upon criteria utilized to affix statutory damages under 17 U.S.C. § 504(c), based upon a finding of copyright infringement.  *Time Warner Cable of New York City v. Dockins, et al.*, 96 Civ. 6852, 1998 U.S. Dist. LEXIS 22689, at *18-*19 (S.D.N.Y. Sept. 4, 1998).  Among the factors deemed relevant by the courts to the statutory damage analysis under section 605(e) are 1) the amount of profit realized by the defendant as a result of the violation; 2) whether the defendant assisted or induced others in violating the statute;

3) whether the violation was willful or flagrant; 4) what award would suffice to deter similar conduct; and 5)  whether the damage award contemplated is comparable to awards rendered in other similar cases.  *Sheffield*, 2005 WL 563108, at *3; *Huynh*, 318 F. Supp.2d at 1131-32; *DirecTV, Inc. v. Perrier*, No. 03-CV-400, 2004 WL 941641, at *3 (W.D.N.Y. Mar. 15, 2004).

In assessing these highly relevant factors I am somewhat handicapped both by the fact of defendant's default and by virtue of plaintiff's failure to offer any evidence to illuminate several of these factors as they apply in this case.  There is no information now before the court, for example, as to whether Stiffler was at any time a DirecTV customer, and if so what monthly charge was associated with his level of subscription, and whether that level and the corresponding charge decreased at or about the time of his purchase of the White Viper unlooper.  Similarly, there is no information as to the cost to a patron in defendant Stiffler's circumstances of subscribing to DirecTV services.  Contrast *Sheffield*, 2005 WL 563108, at *3 (model constructed of typical user of DirecTV services); *see also Montes*, 338 F. Supp.2d at 356 (evidence submitted showing defendant was a former DirecTV subscriber at an approximate monthly cost of $80).

10

Under these circumstances, I admit to temptation to follow the path of several other courts which have found an award of minimum statutory damages of $1,000 under 47 U.S.C. § 605 adequate to vindicate the salutary objectives underlying that provision. *E.g.*, *Huynh*, 318 F. Supp.2d at 1132; *DirecTV, Inc. v. Kaas*, 294 F. Supp.2d 1044, 1049 (N.D. Iowa 2003); *see also Perrier*, 2004 WL 941641, at *3 (awarding minimum statutory damages of $2,000, based upon purchase of two separate devices, each deemed to represent a separate violation).  There is great room for doubt, however, as to whether such a relatively modest award would serve as the deterrent envisioned in the statutory damage scheme. As one court has sagely observed,

> [i]t would not be a sufficient deterrent if the damages were limited to the value of the stolen services.  There would be no incentive to comply with the law if the penalty were merely the amount [or less] that should have been paid.

*Sheffield*, 2005 WL 563108, at *4.

Although acknowledging some inability, for reasons already articulated, to accurately gauge with precision the deterrent impact of such an award, I recommend enhancement of the statutory damage award to the sum of $4,200.  This amount is calculated first by estimating

11

the monthly cost of a DirecTV subscription at $80, and multiplying that figure by forty months – the amount of time which has elapsed since defendant's purchase of the PAD device in November of 2001.  To this approximated amount of DirecTV subscriber fees which Stiffler has avoided by his use of a private device, I have added the $1,000 minimum statutory damage amount to provide the desired penal and deterrent effect.  *See Montes*, 338 F. Supp. at 356 (awarding, in addition to the base amount of $1,000, $80 per month for forty-one months, for a total award of $4,280); *Getchel*, 2004 WL 1202717, at *2-*3 (awarding, above the $1,000 statutory floor, the additional sum of $100 per month for a period of thirty-eight months, for a total damage award of $4800); *see also Time Warner Cable of New York City v. Barbosa*, No. 98 Civ. 3522, 2001 WL 118608, at *5 (S.D.N.Y. Jan. 2, 2001) (the statutory goals are served by taking into account the duration of the violation and awarding damages based on lost revenues to the plaintiff during that time period).  Such an award, which as can be seen is consonant with the awards in *Getchel* and *Montes*, and considerably less than the $10,000 awarded in some similar cases, *e.g.*, *Meinecke*, 2004 WL 1535578, at *3; will in all likelihood convey the message of deterrence envisioned in the statutory regime and

relevant caselaw.

### 3.    Costs and Attorneys' Fees

In addition to seeking statutory damages under section 605(e), DirecTV also requests that the court award litigation expenses and a reasonable attorneys' fee.  Plaintiff seeks a total amount of $1,225.32 in connection with this element of its quest for relief.

In the event of a showing of a violation under 47 U.S.C. § 605(e), the prevailing plaintiff is entitled to an award of reasonable costs and attorneys' fees.  47 U.S.C. § 605(e)(3)(B)(iii); *see Community Television Sys., Inc. v. Caruso*, 284 F.3d 430, 434 n. 5 (2d Cir. 2002).  Courts which have addressed similar requests for the entry of default judgment in DirecTV cases have routinely made such an award, although the amounts as well as the bases for those awards have varied.  *E.g.*, *Huynh*, 318 F.Supp. at 1130; *Perrier*, 2004 WL 941641, at *4; *Kaas*, 294 F.Supp.2d at 1049.

Consistent with the prevailing requirements in this circuit, *see New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), DirecTV has properly supported its fee application with contemporaneous time record entries, as well as information regarding the

attorneys performing the various services, and additionally has sufficiently documented its application for costs.[7]  Upon review of those materials, I find that the requested award is well supported.

The language of plaintiff's complaint relating to its request for costs and attorneys' fees, however, gives room for pause.  In its prayer for relief, plaintiff's complaint asks that the court award, "[i]n the event of default . . . an award of statutory damages of $10,000 for each violation. . . and a further award of DirecTV's reasonable attorneys' fees and costs in the amount of $850[.]"  Complaint (Dkt. No. 1) Prayer for Relief ¶ 3 (emphasis supplied).  It is true that the language of this portion of the complaint references a violation of 18 U.S.C. § 2511, rather than 47 U.S.C. § 605(e).  Because the complaint's request for relief goes on to state that in the event of a trial an award of statutory damages would be sought under either section 605(e) or section 2520(c)(2)(B), I find that the defendant could reasonably have relied upon the fact that in the event of his default, plaintiff would cap its request for fees and costs at $850.  Accordingly, I recommend that the court limit its award of costs and fees to that amount,

---

[7]     When plaintiff's motion was electronically filed, the first page of Exhibit A, containing a partial listing of legal services performed by its counsel in connection with this action, was omitted.  At my request, that page has now been supplied to the court, and will be scanned and included on the court's docket.

in lieu of the slightly higher sum now requested by the plaintiff.  *See*

*Perrier*, 2004 WL 941641 at *5 (awarding $850 in fees and costs); *see*

*also Meinecke*, 2004 WL 1535578, at *4 (finding that it would be unfair to

award $4815.80 in fees and $100 in costs sought, where DirecTV sought

only $850 in its initial request for default judgment).

      B.    <u>18 U.S.C. § 2520</u>

          1.    <u>Liability</u>

Count two of plaintiff's complaint alleges the unauthorized

interception by defendant Stiffler of electronic communications in violation

of 18 U.S.C. § 2511(1)(a).  On its face, that section imposes criminal

liability upon any person who "intentionally intercepts, endeavors to

intercept, or procures any other person to intercept or endeavor to

intercept, any wire, oral, or electronic communication[.]"  18 U.S.C. §

2511(1)(a).  A separate provision authorizes the imposition of civil

penalties in the event of a violation of section 2511(1)(a), providing, in

relevant part, that

> the court may assess as damages whichever is the
> greater of  --
>
> > (A)    the sum of the actual damages
> > suffered by the plaintiff and any
> > profits made by the violator as a

result of the violation; or

(B)    statutory damages of whichever
is the greater of $100 a day for
each day of violation or $10,000.

18 U.S.C. § 2520(c)(2).  As was the case under section 605(e), plaintiff

has elected to seek statutory damages under this provision, and requests

the maximum recovery of $10,000.  In light of his default, defendant

Stiffler has admitted liability under section 2511(1)(a).

The third count of plaintiff's complaint alleges defendant Stiffler's

possession of a PAD, in violation of 18 U.S.C. § 2512(1)(b).  That section

provides, in relevant part, that

any person who intentionally

* * *

(B)    manufactures, assembles,
possesses, or sells any electronic
mechanical, or other device,
knowing or having reason to
know that the design of such
device renders it primarily useful
for the purpose of the
surreptitious interception of wire,
oral, or electronic
communications, and that such
device or any component thereof
has been or will be sent through
the mail or transported in
interstate or foreign commerce . .
. shall be fined under this title or

16

imprisoned not more than five
years, or both.

18 U.S.C. § 2512(1).  Although by his default defendant has

acknowledged his violation of this section, I recommend dismissal of this

claim in light of the weight of authority holding that section 2520(c)(2) does

not provide a private right of action for civil damages for violation of

section 2512(1)(b).  *DirecTV, Inc. v. Treworgy*, 373 F.3d 1124, 1129 (11th

Cir. 2004); *DirectTV, Inc. v. Craig*, No. 2:03-cv-818, 2005 WL 659138, at

*3 (M.D. Ala. Mar. 16, 2005) (citing *Treworgy*); *Sheffield,* 2005 WL 563108

at *1, n.1.

## 2.   Damages

The civil statutory damage regime under section 2520 differs

somewhat markedly from that set forth in 47 U.S.C. § 605(e).  While, as

was seen, the court was empowered under section 605(e) to affix

damages at any point within the specified range of between $1000 and

$10,000, the court's discretion under section 2520 is limited; in the

absence of proof of a violation extending over a specific number of days,

the presumptive award under section 2520, if any, is $10,000.  *Kaas,* 294

F. Supp.2d at 1048 ("the presumptive award of damages is $10,000"

where there is no evidence of actual damages or duration of the violation).

In this instance, where there is no indication of the number of days over which the violation occurred, the choice open to the court under section 2520(c) is to award either $10,000, or no damages at all under that provision. *Huynh*, 318 F. Supp.2d at 1132; *Schmidt v. DeVino*, 206 F. Supp.2d 301, 306 (D. Conn. 2001); *see also DirecTV, Inc. v. Brown*, 371 F.3d 814, 818 (11th Cir. 2004) (the decision of whether to award damages under section 2520(c) in the event of a violation of section 2511(1)(a) is discretionary; accordingly, such an award is not mandated).

Among the factors often considered by courts when deciding how to choose between these two extremes in cases similar to this are 1) whether the defendant has profited from the violation; 2) whether there is evidence of actual use by the defendant of the PAD; 3) the extent of financial harm to the plaintiff; 4) the extent of the violation; 5) whether the defendant had a legitimate reason for his or her actions; 6) whether an award would serve a legitimate purpose; and, significantly, 7) whether the defendant is subject to another judgment based upon the same conduct. *Sheffield,* 2005 WL 563108, at *3; *Huynh*, 318 F. Supp.2d at 1132.

In this case, plaintiff has already been awarded significant amounts in statutory damages and litigation costs under section 605(e).  Under the

circumstances, I recommend that the court follow the lead of others which, faced with similar circumstances, have exercised their discretion in favor of denying an additional award under section 2520(c)(2), in recognition of the reality of "the potential of [section 2520(c)] to bring financial ruin to persons of modest means, even in cases of trivial transgressions." *Reynolds v. Spears*, 93 F.3d 428, 435 (8th Cir. 1996); *see Huynh*, 318 F. Supp.2d at 1132; *see also Sheffield*, 2005 WL 563108, at *5; *Perrier*, 2004 WL 91641 at *4; *Kaas,* 294 F. Supp.2d at 1049.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

In a society in which the rule of law governs, encroachment upon another party's protected rights should be deterred, and not rewarded. This principle, with which one can hardly find quarrel, would be undermined if, by its award, the court were to make compliance with the relevant statutory provisions more costly than abridging the rights which they serve to protect.

As a result of his default, plaintiff DirecTV has established defendant Stiffler's liability under both 47 U.S.C. § 605 and 18 U.S.C. § 2511(2)(a)(ii).  Based upon the circumstances presented, and my estimate that by his conduct defendant Stiffler may have avoided as much as

$3,200 in DirecTV subscriber charges, I recommend that the court enter judgment awarding plaintiff statutory damages of $4,200, pursuant to section 605(e), with no additional award under section 2520(c).  Such an award should adequately serve both to compensate DirecTV for its losses and deter the defendant and others from engaging in similar conduct in the future.  Additionally, I recommend that plaintiff be awarded its costs and reasonable attorneys' fees, in the additional amount of $850, for a total award of $5,050.  Because plaintiff does not seek injunctive relief, I recommend against the inclusion of a permanent injunction in the judgment to be entered.  Based upon the foregoing, it is hereby

RECOMMENDED that in light of defendant's default, judgment be entered dismissing the third count of plaintiff's complaint, and awarding the plaintiff statutory damages in the amount of $4,200, together with an additional sum in the amount of $850 in costs and attorneys' fees, for a total award of $5050, and that the plaintiff have judgment therefor.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon plaintiff's counsel via electronic means, and upon defendant Raymond Stiffler by mail, utilizing the address set forth in Dkt. No. 26.

David E. Peebles
U.S. Magistrate Judge

Dated:    April 6, 2005
          Syracuse, NY

21